| | |
|---|---|
| 1 | **KAZEROUNI LAW GROUP, APC** |
| 2 | Abbas Kazerounian, Esq. (SBN: 249203)<br>ak@kazlg.com |
| 3 | 245 Fischer Avenue, Unit D1<br>Costa Mesa, CA 92626 |
| 4 | Telephone: (800) 400-6808<br>Facsimile: (800) 520-5523 |
| 5 | |
| 6 | **HYDE & SWIGART**<br>Joshua B. Swigart, Esq. (SBN: 225557) |
| 7 | josh@westcoastlitigation.com<br>Bonnie McKnight, Esq. (SBN: 306562) |
| 8 | bonnie@westcoastlitigation.com<br>**Hyde & Swigart** |
| 9 | 2221 Camino Del Rio South, Suite 101<br>San Diego, CA 92108 |
| 10 | Telephone: (619) 233-7770<br>Facsimile:  (619) 297-1022 |
| 11 | |
| 12 | Additional Attorneys for Plaintiffs on Signature Page |
| 13 | |
| 14 | *Attorneys for Plaintiffs*,<br>*Trever DeClue and Katherine DeClue* |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TREVER DECLUE and KATHERINE DECLUE, individually and behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED CONSUMER FINANCIAL SERVICES COMPANY,<br><br>Defendant. | Case No.: '16CV2833 BEN JMA<br><br>**COMPLAINT FOR DAMAGES**<br><br>VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. 227 ET SEQ.<br><br>**CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. Trever DeClue and Katherine DeClue (Plaintiffs) bring this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of United Consumer Financial Services Company ("Defendant") for willfully violating the Telephone Consumer Protection Act. Plaintiffs allege as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

//

4. *Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

7. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

### JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

9. Plaintiffs are natural persons who resides in the City of San Diego, County of San Diego, State of California.

10. Venue is proper pursuant to 28 U.S.C. § 1391b(2) because Defendant is, and at all relevant times herein was, an entity doing business in the State of California, in the County of San Diego.

//

## PARTIES

11. Plaintiffs are, and at all times mentioned herein were, individual citizens and resident of the State of California, County of San Diego, in this judicial district. Plaintiffs are, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

12. Plaintiffs are informed and believe, and thereon allege, that United Consumer Financial Services Company is, and at all times mentioned herein was, a corporation registered in Delaware with its principal place of business located in Ohio. Plaintiff alleges that at all times relevant herein it conducted business in the State of California, in the County and City of San Diego, within this judicial district. It is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39).

## FACTUAL ALLEGATIONS

13. Sometime on or about March 2014, Defendant began calling Plaintiff Trever DeClue's personal cell phone ending in 6931 regarding allegedly owed obligations.

14. This cell phone ending in 6931 was and is included in Plaintiff's Katherine DeClue's subscription with her telephone provider. Therefore, Plaintiff Katherine DeClue also has standing under *Gutierrez v. Barclays Grp.*, No. 10cv1012 DMS (BGS), 2011 U.S. Dist. LEXIS 12546, at *15 (S.D. Cal. Feb. 9, 2011).

15. Plaintiffs never provided Defendant with this cellular phone number and do not know how Defendant accessed it.

16. Furthermore, Plaintiffs revoked any express consent, which may have been mistakenly believed, when they told Defendant to stop calling.

17. However, Defendant continued to call Plaintiff Trever DeClue's personal cell phone ending in 6931.

18. For instance, on April 23, 2014 at 7:06 AM, Defendant called Plaintiff Trever DeClue's personal cellular telephone from a number ending in 2163.

19. On May 15, 2014, Defendant again called Plaintiff Trever DeClue's personal cellular telephone 2 (two) times from a number ending in 2180.

20. Yet again, on May 16, 2014, Defendant called Plaintiff Trever DeClue's personal cellular telephone 3 (three) times from a number ending in 2181.

21. From May 17, 2014 to May 19, 2014, Defendant called Plaintiff Trever DeClue's personal cellular telephone 3 (three) times from a number ending in 2162 attempting to collect the debt.

22. On May 20, 2014, Defendant called Plaintiff Trever DeClue's personal cellular telephone 2 (two) times from a number ending in 2164 attempting to collect the debt.

23. On May 21, 2014, Defendant called Plaintiff Plaintiff Trever DeClue's personal cellular telephone 2 (two) times from a number ending in 2165 attempting to collect the debt.

24. On May 22, 2014, Defendant called Plaintiff Trever DeClue's personal cellular telephone 2 (two) times from a number ending in 2166 attempting to collect the debt.

25. On May 23, 2014, Defendant called Plaintiff Trever DeClue's personal cellular telephone 2 (two) times from a number ending in 2167 attempting to collect the debt.

26. All of the calls originated from numbers beginning with a "314" area code, which is the area code for Saint Louis, Missouri, where Plaintiff's cellular telephone was registered.

27. However, Defendant is located in Ohio and has a "440" area code. It does not have any locations or call centers in Missouri. Defendant used automatic dialer technology to not only initiate the calls, but also to "spoof" its number.

This is a common tactic used by collection companies to trick debtors into answering the telephone.

28. On information and belief, Defendant called Plaintiffs' cellular telephone using an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1) without prior express consent.

29. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

30. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

31. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

32. Plaintiffs did not provide "prior express consent" to Defendant to place telephone calls to Plaintiff's cellular telephone with an artificial or prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

33. Further, Plaintiffs specifically revoked any consent which may have been mistakenly believed, when he informed Defendant to stop calling.

34. These telephone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

35. Defendant called Plaintiffs' cellular telephone at least 17 (seventeen) times via an ATDS.

36. Plaintiffs were injured because their privacy rights were infringed upon in the form of harassment by Defendant.

37. Through this action, Plaintiffs suffered an invasion of their legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

38. They were personally affected because they were frustrated and distressed that Defendant harassed Plaintiffs with a call using an ATDS.

39. Defendant's call forces Plaintiffs and class members to live without the utility of Plaintiff's cell phone by forcing them to silence their cell phone and/or block incoming numbers.

40. Plaintiffs bring this action on behalf of herself and on behalf of and all others similarly situated (the "Class"). The proposed Class that Plaintiff seeks to represent are defined as follows:

41. Plaintiffs represent, and are members of the Class, consisting of:

> All persons within the United States who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the filling of the Complaint.

42. Plaintiffs represent, and are members of, the Class, because Plaintiffs received telephone calls from Defendant to Plaintiffs' cellular telephone using a prerecorded voice, some or all of which Plaintiffs were billed for receiving such calls.

43. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

44. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways:

45. Plaintiffs and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendant, either directly or through its agents, illegally contacting Plaintiffs and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular

telephone time for which Plaintiffs and the Class members previously paid, and invading the privacy of said Plaintiffs and the Class members. Plaintiff and the Class members were damaged thereby.

46. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

47. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records.

48. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

- Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.
- Whether Plaintiffs and the Class were damaged thereby, and the extent of damages for such violation; and
- Whether Defendant should be enjoined from engaging in such conduct in the future.

49. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' express prior consent, Plaintiffs are asserting claims that are typical of the Class.  Plaintiffs

will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

50. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

51. Plaintiffs have retained counsel experienced in handling class action claims and claims involving consumer actions and violations of the Telephone Consumer Protection Act.

52. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

53. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,

## 47 U.S.C. § 227 ET SEQ.

54. Plaintiffs incorporate by reference the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

56. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

57. Plaintiffs are also entitled to an award of attorney fees and costs.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,

## 47 U.S.C. § 227 ET SEQ.

58. Plaintiffs incorporate by reference the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

60. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

61. Plaintiffs are also entitled to seek injunctive relief prohibiting such conduct in the future.

62. Plaintiffs are also entitled to an award of attorney fees and costs

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs the following relief against Defendant:

## FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,

### 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek $500.00 (five-hundred dollars) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- An award of attorney fees and costs to counsel for Plaintiffs;
- Any other relief the Court may deem just and proper including interest.

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,

### 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek treble damages, as provided by statute, up to $1,500.00 (one-thousand-five-hundred dollars) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- An award of attorney fees and costs to counsel for Plaintiffs.
- Any other relief the Court may deem just and proper.

//
//
//
//

63. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date:  November 17, 2016

                              Respectfully Submitted,

                              **KAZEROUNI LAW GROUP, APC**

By: *s/ Abbas Kazerounian*
       ABBAS KAZEROUNIAN, ESQ.
       ATTORNEYS FOR PLAINTIFF

Additional Attorneys for Plaintiffs:

Daniel G. Shay (State Bar No. 250548)
DanielShay@TCPAFDCPA.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292