UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVER DECLUE and KATHERINE DECLUE, individually and on behalf of those similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED CONSUMER FINANCIAL SERVICES COMPANY,<br><br>　　　　　　　　　Defendant. | Case No.: 16cv2833 JM (JMA)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY PROCEEDINGS** |

Before the court is Defendant United Consumer Financial Services Company's ("Defendant") motion to stay proceedings pending the D.C. Circuit's opinion in <u>ACA International v. Federal Communications Commission</u>, No. 15-1211. (Doc. No. 33.) Plaintiffs Trever and Katherine DeClue (collectively, "Plaintiffs") oppose the motion. The court finds the matter appropriate for decision without oral argument pursuant to Local Rule 7.1(d)(1) and, for the following reasons, denies Defendant's motion.

## BACKGROUND

**I.　Procedural History**

On November 18, 2016, Plaintiffs filed a class action complaint alleging negligent and willful violations of the Telephone Consumer Protection Act ("TCPA"). (Doc. No. 1.)

1

Plaintiffs' operative first amended class action complaint ("FAC") alleges that Defendant repeatedly called Mr. DeClue on his personal cell phone, which was included as part of Ms. DeClue's subscription with her service provider, after Mr. DeClue revoked consent to do so. (Doc. No. 12 ¶¶ 13–24.) Plaintiffs allege that Defendant used an automatic telephone dialing system ("ATDS") to make the calls, and at least one of the calls used an artificial or prerecorded voice. (Id. ¶¶ 25–29.) Plaintiffs seek to represent a nationwide class of similarly situated persons who received calls from Defendant through the use of an ATDS or an artificial or prerecorded voice. (Id. ¶ 40.)

On July 11, 2017, Defendant moved to stay the matter pending the D.C. Circuit's decision in ACA International. (Doc. No. 33.) Plaintiffs oppose a stay. (Doc. No. 35.)

## II. The FCC's 2015 Order and the D.C. Circuit Appeal in ACA International

In 2015, the Federal Communications Commission ("FCC") issued a ruling clarifying various provisions of the TCPA. In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 FCC Rcd. 7961 (July 10, 2015) ("2015 FCC Order"). Defendant highlights the FCC's rulings on ATDS and revocation of consent, arguing that the definitions of these terms are at issue in this case, and requests a stay while those definitions are contested. (Doc. No. 33-1 at 3–4.)

The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In the 2015 FCC Order, the FCC explained that "the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." 2015 FCC Order ¶ 16 (emphasis added).

The TCPA does not explicitly address revocation of consent, but the FCC clarified that consumers may revoke consent through "any reasonable means." Id. ¶ 55. The FCC found that the "most reasonable interpretation of consent is to allow consumers to revoke consent if they decide they no longer wish to receive voice calls or texts." Id. ¶ 56.

The 2015 FCC Order is currently under review by the D.C. Circuit in ACA International. The D.C. Circuit heard oral argument in October 2016. (Doc. No. 37 at 3.)

## LEGAL STANDARD

District courts have inherent power to stay proceedings. This power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The court may grant a stay "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863–64 (9th Cir. 1979).

Using this power "calls for the exercise of judgment, [by] which [courts] must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254–55. The competing interests the court considers include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). The party seeking a stay bears the "burden of showing that the circumstances justify" the court exercising its discretion to stay proceedings. Nken v. Holder, 556 U.S. 418, 433–34 (2009).

## DISCUSSION

Defendant argues that the court should issue a stay because the ruling in ACA International could affect two issues in this case—whether Defendant used an ATDS and whether Plaintiffs effectively revoked any prior express consent.

A plaintiff may bring a claim under the TCPA by alleging that the defendant called him or her using either an ATDS or a prerecorded voice. 47 U.S.C. § 227(b)(1). Plaintiffs, in their complaint, allege that Defendant used both an ATDS and an "automated" or prerecorded voice at least one of the times it called Mr. DeClue. (Doc. No. 12 ¶ 27–28.) As a result, Plaintiffs' TCPA claims will remain even if the D.C. Circuit's ruling impacts the definition of an ATDS. See Mendez v. Optio Sols., LLC, 239 F. Supp. 3d 1229, 1233 (S.D. Cal. 2017) ("[B]ecause Plaintiff alleges Defendant violated the TCPA through ***both***

the use of an ATDS and an artificial or prerecorded voice, Plaintiff's TCPA claim will stand despite the ATDS allegations.") (emphasis in original). Furthermore, discovery regarding the type of calling system Defendant uses will be necessary to determine whether it fits any definition of ATDS, whether it be that of the 2015 FCC Order or a new definition provided by the D.C. Circuit.

Similarly, the D.C. Circuit's decision in ACA International is unlikely to affect whether Plaintiffs were able to revoke their consent to be autodialed. If the D.C. Circuit upholds the 2015 FCC Order, the parties will need to conduct discovery to determine whether Plaintiffs' revocation of consent was effective. If the 2015 FCC Order's ruling on consent revocation does not survive, the parties will still need to conduct similar discovery, only under Ninth Circuit precedent. See Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1047 (9th Cir. 2017) (holding that consumers may revoke their prior express consent under the TCPA); see also Riazi v. Ally Financial, Inc., 2017 WL 4269791, at *3 (E.D. Mo. Sept. 26, 2017) (denying motion to stay because Eighth Circuit precedent prior to the 2015 FCC Order allowed a consumer to revoke consent under the TCPA); Terec v. Reg'l Acceptance Corp., 2017 WL 662181, at *2 (M.D. Fla. Feb. 17, 2017) (denying motion to stay because the Eleventh Circuit permits oral revocation of consent under the TCPA). Although the Ninth Circuit took the 2015 FCC Order into consideration, the FCC's ruling did not serve as the sole basis for its decision. Instead, the Ninth Circuit determined that "the TCPA permits consumers to revoke their prior express consent" based on common law principles, the purpose of the TCPA, and other FCC guidance. Van Patten, 847 F.3d at 1048. Therefore, its holding would remain relevant even if the D.C. Circuit invalidates the 2015 FCC Order.

In sum, Defendant has not shown that this case presents those "rare circumstances" that warrant a stay. Landis, 299 U.S. at 255. Discovery on Defendant's dialing system and Plaintiffs' method of revoking consent will be necessary regardless of the outcome of ACA International; accordingly, a stay will not significantly promote judicial economy. Moreover, almost a year has passed since the D.C. Circuit heard oral arguments for ACA

4

16cv2833 JM (JMA)

International, which means that it will likely render a decision that could guide the parties before discovery ends and issues are put before the court for a final determination.

**CONCLUSION**

For the foregoing reasons, the court denies Defendant's motion to stay proceedings pending the D.C. Circuit's opinion in ACA International.

IT IS SO ORDERED.

DATED: October 11, 2017

JEFFREY T. MILLER
United States District Judge